**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KARIMAH CHOICE,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SERGEANT MAXWELL,**<br>**Montgomery County Correctional Facility,**<br><br>**CORRECTIONS OFFICER DAVENPORT,**<br>**Montgomery County Correctional Facility,**<br><br>**CORRECTIONS OFFICER REDDICK,**<br>**Montgomery County Correctional Facility,**<br><br>**LIEUTENANT SPAID,**<br>**Montgomery County Correctional Facility,**<br>**Defendants.** | **CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is a civil rights action for monetary damages brought pursuant to 42 U.S.C. § 1983 as well as the Fourteenth Amendment to the United States Constitution and raising supplemental state-law claims related to Defendants' use of excessive force and injuries that occurred at Montgomery County Correctional Facility ("MCCF") on October 9, 2024, while Plaintiff was housed in L-Pod. At that time, Defendants used excessive force on Plaintiff while restraining and handcuffing her, causing a dislocation of her shoulder, damage to her rotator cuff, extreme pain, and long-term injury to her right shoulder, including the need for a shoulder replacement.

2. Due to Defendants Maxwell, Davenport, Reddick, and Spaid's actions and inactions, Plaintiff suffered extensive injuries to her right shoulder, for which she received no medical

treatment at the Medical Department in MCCF. Plaintiff also experienced substantial pain and suffering, long term rehabilitation, and emotional distress due to Defendants' actions and inactions.

3. Plaintiff now seeks monetary damages for her substantial pain and suffering, and future financial losses caused by Defendants' conduct, as well as punitive damages for Defendants' willful, malicious, and oppressive conduct.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343; pendent jurisdiction to consider claims under state law; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate claims arising under state law.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred within Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania.

## III. PARTIES

6. Plaintiff, Karimah Choice (hereinafter "Plaintiff"), is 47 years old and an inmate currently incarcerated at the State Correctional Institution ("SCI") at Muncy, located at 6454 Route 405, Muncy, Lycoming County, Pennsylvania.

7. Defendant, former Corrections Officer Maxwell (hereinafter "Maxwell"), was at all times relevant to this Complaint a Sergeant with Montgomery County Correctional Facility with a business address of 60 Eagleville Road, Eagleville, Pennsylvania. She is sued in her individual capacity.

8. Defendant, Corrections Officer Davenport (hereinafter "Davenport"), is and was at all times relevant to this Complaint a Corrections Officer with Montgomery County Correctional

Facility with a business address of 60 Eagleville Road, Eagleville, Pennsylvania. She is sued in her individual capacity.

9. Defendant, Corrections Office Reddick (hereinafter "Reddick"), is and was at all times relevant to this Complaint a Corrections Officer with Montgomery County Correctional Facility with a business address of 60 Eagleville Road, Eagleville, Pennsylvania. She is sued in her individual capacity.

10. Defendant, Lieutenant Spaid (hereinafter "Spaid"), is and was at all times relevant to this Complaint a Corrections Officer with Montgomery County Correctional Facility with a business address of 60 Eagleville Road, Eagleville, Pennsylvania. He is sued in his individual capacity.

11. At all times relevant to this Complaint, Defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13. At approximately 11:46 AM on the morning of October 9, 2024, Defendant Maxwell opened the door to Plaintiff's cell after receiving orders to conduct a mental health check on Plaintiff.

14. Plaintiff exited her cell into the dayroom and fell to the ground, convulsing as she suffered an epileptic seizure.

15. Defendant Maxwell put her knee in Plaintiff's back; and pulled her right arm up and over towards her back with extensive force.

16. Defendant Davenport braced Plaintiff's legs as Plaintiff's convulsions continued.

17. Members of the Medical Department entered the dayroom, along with other MCCF security personnel, including Defendants Reddick and Spaid.

18. Immediately after the convulsions stopped, Defendant Spaid ordered Defendants Maxwell and Davenport to handcuff Plaintiff.

19. Plaintiff, who was not resisting, begged the Defendants not to place the handcuffs on her right arm because of a previously torn rotator cuff.

20. Despite witnessing Plaintiff's medical emergency, Defendants Maxwell, Davenport, and Spaid ignored Plaintiff’s pleas to refrain from handcuffing her in the back due to her prior shoulder injury, and Defendants Maxwell and Davenport handcuffed Plaintiff aggressively behind her back.

21. Defendant Reddick placed leg restraints on Plaintiff.

22. During this entire time, Plaintiff reiterated to Defendants that they were causing her severe pain in her right arm and begged them to stop.

23. When Plaintiff was forced to stand, Defendant Maxwell placed her hand on Plaintiff’s head and Defendant Spaid aggressively pushed Plaintiff’s head forward.

24. Defendants Maxwell and Reddick dragged Plaintiff to the Medical Department by pulling on her arms.

25. Defendant Spaid then ordered Defendants Maxwell, Reddick, and Davenport to place Plaintiff in a body wrap to carry her to the Medical Department.

26. Once at the Medical Department, the Defendants took Plaintiff out of the body wrap, and Plaintiff spoke to medical personnel.

27. Despite her cries of pain in her right arm and shoulder, Plaintiff was not examined.

28. Defendants Maxwell, Davenport, and Reddick, as well as CO King, then dragged Plaintiff to an observation cell, pushed her head down into a tarp covered with vomit, and forcibly removed her clothes.

29. Defendants placed Plaintiff face down on a bed, uncuffed her, and forced her to raise her arms above her head so that they could undress her.

30. Plaintiff continued to cry out in pain because of the Defendants' manipulation of her right arm.

31. Plaintiff continuously pleaded for the Defendants to stop as her right shoulder was in severe pain.

32. Plaintiff has suffered severe pain in her right shoulder since the incident.

33. The incidents and the resulting severe pain in her right shoulder have caused Plaintiff mental and emotional distress.

## V. ADMINISTRATIVE REMEDIES

34. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff fully exhausted all administrative remedies while incarcerated at MCCF.

## VI. CLAIMS FOR RELIEF

### COUNT I: USE OF EXCESSIVE FORCE BY DEFENDANTS MAXWELL, DAVENPORT, REDDICK, AND SPAID (FEDERAL CONSTITUTIONAL CLAIM – 14th AMENDMENT)

36. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37. The Fourteenth Amendment to the United States Constitution prohibits officials from using unnecessary excessive physical force against an individual. Defendants Maxwell, Davenport, Reddick, and Spaid acted maliciously and sadistically for the very purpose of causing harm and not in a good-faith effort to maintain or restore discipline.

38. Defendants' unprovoked and unnecessary infliction of pain was totally without penological justification, violating Plaintiff's right to be free from cruel and unusual punishment under the Fourteenth Amendment to the U.S. Constitution.

39. The foregoing conduct of Defendants acting under color of state law, constituted excessive physical force and unlawfully deprived Plaintiff of her civil and constitutional rights, including her rights, privileges, and immunities under the Fourteenth Amendment to the U.S. Constitution, through 42 U.S.C. § 1983.

40. The acts of Defendants, which included violent assaults on Plaintiff, were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately, and/or by conduct so egregious as to shock the conscience.

41. The actions of Defendants were not applied in a good-faith effort to subdue Plaintiff but rather were applied maliciously and sadistically to cause Plaintiff harm.

42. As a direct and proximate cause of Defendants' actions, Plaintiff suffered serious physical injuries to her shoulder and severe emotional distress and mental anguish following the traumatic experience.

43. As a direct and proximate result of Defendants' illegal and unconstitutional actions and omissions, Plaintiff suffered a loss of earning capacity and the deprivation of other liberty interests, all to her great financial detriment and loss.

44. By these actions, Defendants deprived Plaintiff of her rights secured by the Fourteenth Amendment to the U.S. Constitution.

**COUNT II: CONSPIRACY
TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)
BY DEFENDANTS MAXWELL, DAVENPORT, REDDICK, AND SPAID**

45. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

46. At all times relevant hereto, Defendants, acting under color of state law, entered into an agreement and understanding among themselves to deprive Plaintiff of her constitutional rights, specifically her right to be free from the use of unreasonable and excessive force and the right to necessary medical care.

47. The conspiracy involved Defendants acting in concert to:

a. Unlawful application of excessive and unreasonable force against Plaintiff;

b. Fabrication of reports or eyewitness testimony to conceal the true nature of the force used; and

c. Failure to intervene to prevent excessive force, pain and dislocation of Plaintiff's shoulder causing the need for a shoulder replacement.

48. None of the Defendants attempted to stop the excessive force on Plaintiff.

49. As a result of Defendants' conspiracies, Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

**COUNT III: FAILURE TO INTERVENE
TO VIOLATE CIVIL RIGHTS BY DEFENDANTS
MAXWELL, DAVENPORT, REDDICK, AND SPAID**

50. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

51. At all times relevant hereto, Defendants Maxwell, Davenport, Reddick, and Spaid acting under color of state law were present during the assault of Plaintiff and had a clear, realistic opportunity to intervene and stop the use of excessive force.

52. Despite having the ability to prevent further harm, Defendants Maxwell, Davenport, Reddick, and Spaid acted with deliberate indifference to Plaintiff's safety by standing by and failing to take any reasonable steps to protect Plaintiff while she was being assaulted.

53. This failure to act resulted in severe injury to Plaintiff and constituted a violation of Plaintiff's Fourteenth Amendment right to be free from cruel and unusual punishment.

54. As a result of Defendants' failure to intervene Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

**COUNT IV: BATTERY**
**DEFENDANTS MAXWELL, DAVENPORT, REDDICK, AND SPAID**
**(STATE LAW CLAIM)**

55. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

56. On or about October 9, 2024, Defendants intentionally made direct, harmful, and/or offensive contact to Plaintiff's person and caused Plaintiff actual physical injuries when they aggressively handcuffed her as she pleaded for them to not touch her previously injured right shoulder.

57. The actions of Defendants constitute the tort of battery under Pennsylvania law.

58. As a result of Defendants' conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and mental anguish.

**COUNT V: ASSAULT**
**DEFENDANTS MAXWELL, DAVENPORT, REDDICK, AND SPAID**
**(STATE LAW CLAIM)**

59. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

60. On or about October 9, 2024, Defendants intentionally acted to make harmful and/or offensive contact to Plaintiff's person when they assaulted her by aggressively placing her hands behind her back in handcuffs, as Plaintiff warned them that her injured right rotator cuff was in great pain, and caused severe damage to Plaintiff's right shoulder.

61. The actions of Defendants constitute the tort of assault under Pennsylvania law.

62. As a result of Defendants' conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress and mental anguish.

**COUNT VI:**
**OUTRAGEOUS CONDUCT CAUSING**
**SEVERE EMOTIONAL DISTRESS**
**DEFENDANTS MAXWELL, DAVENPORT, REDDICK, AND SPAID**
**(STATE LAW CLAIM)**

63. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

64. On or about October 9, 2024, Defendants engaged in extreme and outrageous conduct when Defendants used an excessive amount of force against Plaintiff and Defendants failed to intervene, all of which caused Plaintiff to suffer severe emotional distress under Pennsylvania law.

65. The acts of Defendants constitute the tort of outrageous conduct causing severe emotional distress under Pennsylvania law.

66. As a result of Defendants' actions, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and mental anguish.

## IV. **PUNITIVE DAMAGES**

67. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

68. Defendants' conduct was outrageous, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

69. As a result, Plaintiff is entitled to punitive damages on each count because such damages are necessary and appropriate both to punish Defendants' outrageous conduct and to deter them and others from engaging in similar conduct.

## V. **JURY DEMAND AND RELIEF DEMANDED**

70. Plaintiff demands a jury trial as to each count.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs; and

d. Such other and further relief as appears reasonable and just.

Respectfully submitted,

/s/ Laurie R. Jubelirer
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC

Date: September 28, 2026